

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2009

# Ravanna Spencer v. Jeffrey Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2692

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ravanna Spencer v. Jeffrey Beard" (2009). *2009 Decisions.* Paper 272.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/272

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-027                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2692
_____

RAVANNA SPENCER,
                                        Appellant

v.

JEFFREY BEARD, Secretary; DONALD KELCHER, Superintendent; RICK
SOUTHERS, SMU Counselor; TERESA M. LAW; ANDREW NEWTON;
MUHAMMAD KHAN; ED KALSKY; COUNSELOR WHALING

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-06-01099)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and IOP. 10.6
October 29, 2009

Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: November 10, 2009)
_____

OPINION
_____

PER CURIAM

        Ravanna Spencer, an inmate at the State Correctional Institution at Camp Hill,

Pennsylvania, appeals the order of the District Court entering judgment in favor of

Appellees in his civil suit. For the following reasons, we will summarily vacate and remand to the District Court for further proceedings. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

Spencer filed a complaint in May 2006, alleging numerous instances in which various prison officials violated his constitutional rights. The crux of Spencer's action is that Appellee Kalsky, the prison psychologist, along with Appellee Newton, the prison psychiatrist, interviewed him at his cell door and in the course of the interview improperly disclosed his mental health history. Spencer also asserts that Newton discontinued his medication in retaliation for his filing of a grievance.

The case was referred to a Magistrate Judge. Spencer filed two motions for appointment of counsel, which the Magistrate Judge denied. Next, upon the Magistrate Judge's recommendation, the District Court dismissed several defendants and claims. The remaining defendants then filed summary judgment motions. In their first summary judgment motions, defendants contested only Spencer's failure to exhaust his administrative remedies. The District Court granted summary judgment with respect to the retaliation claim and remanded the case to the Magistrate Judge with respect to the Eighth and Fourteenth Amendment claims against both Newton and Kalsky. In their second summary judgment motions, Kalsky and Newton argued that Spencer's remaining claims were meritless. The Magistrate Judge, in two separate orders dated December 11, 2008, and December 15, 2008, recommended granting summary judgment in favor of

both Kalsky and Newton.

On January 12, 2009, Spencer filed the first of three motions requesting an extension of time to file objections to the Magistrate Judge's Report and Recommendation. The District Court granted all three motions, indicating that the third extension, setting the deadline on April 30, 2009, would be the last. On May 1, 2009, the District Court entered an order adopting the Magistrate Judge's Report and Recommendations, granted both summary judgment motions, and entered judgment in favor of the Appellees. In its order, the Court noted that no objections had been filed to the Report and Recommendation.

Four days after the entry of judgment, the District Court received Spencer's objections to the Report and Recommendation which were dated April 29, 2009. The District Court has not acted on Spencer's objections. Spencer filed a timely notice of appeal challenging the District Court's order and has filed a motion requesting appointment of counsel.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Under the Magistrate Judges Act, a party may file written objections to the Magistrate Judge's proposed findings within ten days. 28 U.S.C. § 636(b)(1). Once objections are filed, the District Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The ten-day limit is not jurisdictional and may be extended by the District Court. See

3

Grandison v. Moore, 786 F.2d 146, 148 (3d Cir. 1986).

Here, while the District Court did not receive the objections until five days after the deadline, the document is dated April 29, 2009. Because Spencer is a prisoner, he receives the benefit of the "prison mailbox rule." See Houston v. Lack, 487 U.S. 266, 276 (1988). Under that rule, the date of filing occurs when a prisoner transmits documents to prison authorities for mailing. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003). Thus, inasmuch as the documents are dated one day before the deadline, it appears that Spencer timely filed his objections to the Magistrate Judge's Report and Recommendation. Because the District Court did not consider the merits of Spencer's objections, we will remand for its consideration in the first instance. See Grandison, 786 F.2d at 149.

Spencer also appeals the Magistrate Judge's denial of his two motions for counsel. Spencer did not appeal these orders to the District Court and therefore he cannot challenge the orders in this Court. See Nara v. Frank, 488 F.3d 187, 195 (3d Cir. 2007).

For the foregoing reasons, we will summarily vacate the District Court's order granting judgment for the defendants and will remand this matter for further proceedings in accordance with this opinion. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6. Spencer's motion for appointment of counsel in this Court is denied as moot.

4